```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

George Loukas, an individual, and )
Loukas, Inc., an Illinois        )
corporation,                     )
                                 )
                Plaintiffs,      )
                                 )
        v.                       )   No. 13 C 7958
                                 )
Clear Channel Outdoor, Inc.,     )
a Delaware corporation,          )
                                 )
                Defendant.       )

## MEMORANDUM ORDER

George Loukas and his wholly-owned corporation Loukas, Inc. (collectively "Loukas," treated after this sentence as a singular noun solely for convenience) have sued Clear Channel Outdoor Holdings, Inc. and Clear Channel Outdoor, Inc. (collectively "Clear Channel," similarly treated as a singular noun for convenience), seeking relief stemming from Clear Channel's nonremoval from Loukas' real estate located at 2422 W. Irving Park Road, Chicago of a large billboard and its 30-foot-deep supporting footings. Clear Channel had leased that real estate from December 14, 1990 until December 13, 2012, when the Lease expired in accordance with the provisions of its most recent extension.

Clear Channel has responded to Loukas' lawsuit with motions (1) to dismiss Loukas' Complaint and (2) to strike portions of the Complaint, each supported by a memorandum, coupled with a Counterclaim sounding in breach of contract (Count

I) and replevin (Count II). This memorandum opinion and order will address itself to the fully-briefed motions.

Clear Channel's motion-to-dismiss position is simple -- even simplistic. It points to Paragraph 5 of the Lease:[1]

> This agreement is a Lease (not a License), and all signs, structures and improvements placed on the premises by or for the Lessee shall remain the property of the Lessee, and that, not withstanding the fact that the same constitute real estate fixtures. Lessee shall have the right to remove the same at any time during the term of the Lease, or after the expiration of the Lease.

As Clear Channel would have it, that right of removal created the negative implication (through silence) that Clear Chanel had (and now has) no removal _obligation_.

To that end it cites an over-80-year-old Illinois Appellate Court case, Savage v. Univ. State Bank of Champaign, 263, Ill.App.457 461 (3rd Dist. 1931) together with two Court of Appeals decisions from other states. But quite apart from the fact that the one ancient Illinois case sounding in assumpsit had

---

[1] As the Lease plainly reflects, it is a printed contract of adhesion originally designed and drafted by Clear Channel's predecessor as lessee, Patrick Media Group, Inc. Its one-page single-spaced printed provisions have blank spaces where the information as to a particular lessor is typed in. If there were any question as to the contract-of-adhesion label, it would be dispelled by a number of its terms, including the provisions of Paragraph 6 that specify its automatic renewal for successive like terms (here the initial term was made 10 years rather than the 15-year period specified in the printed form) unless either party served a written notice at least 90 days before the end of the term or any renewal term -- but the lessee alone (most recently Clear Channel) had the right to terminate the lease _at any time_ on 60 days' notice.

2

addressed only the <u>contractual</u> posture of the parties (just as the two cited out-of-state cases have done), Clear Channel's position really proves too much.  It fails (or refuses) to acknowledge the real-world significance of the Lease's careful insistence that the improvements at issue are <u>its</u> property, even though its statements at page 3 of its Motion To Dismiss stress that fact:

> The Lease also makes it clear that the Sign shall remain the property of the lessee.  Affixed property does not become part of the realty if it was the intention that it remains personal property.

But that quite proper emphasis renders Clear Channel hoist by its own petard, for Loukas sues it not in contract but in tort, not in assumpsit but in trespass.[2]  And in that respect, there is no question that Loukas has terminated the consent to retain the billboard and its substructure on the premises -- and that makes Clear Channel a trespasser under the law. Look at the Restatement (Second) of Torts §§158 and 160 (emphasis added):

> One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally...
> (c) fails to remove from the land a thing which he is under a duty to remove.
>
> * * *
>
> A trespass may be committed by the continued presence

---

[2]  Lord Maitland famously observed that "the forms of action rule us from the grave," but the distinction stated in the text is very much alive.

> on the land of a structure, chattel, or other thing which the actor or his predecessor in legal interest has placed on the land:
>
> (a) with the consent of the person then in possession of the land, <u>if the actor fails to remove it after the consent has been effectively terminated</u>....

It is scarcely surprising that this is not a new problem. Although no reported Illinois case has dealt with it, Loukas has adduced a substantial body of authority to support his position. Most significantly, <u>Manor Enters., Inc. v. Vivid, Inc</u>. 596 N.W.2nd 828 (Wis. Ct. App. 1999) is astonishingly parallel to this case -- really on all fours. There too the landowner sued an outdoor advertising company for trespass after the company had refused to remove the supporting structures for a billboard, and there too the advertising company asserted that it was liable for trespass only if it had an express contractual duty to remove those support posts.

That position was flatly rejected in <u>Manor Enters</u>. This opinion need not repeat the careful and persuasive analysis in that case -- instead it incorporates the legal treatment in that opinion by reference, for it might well have been written for this case.

Loukas' opposition to the Motion To Dismiss goes on to cite a substantial number of cases from other jurisdictions that, although they do not contain the same startling parallel to this case that is presented by <u>Manor Enters</u>., also uphold the right to

4

bring trespass actions in analogous situations. In sum, Clear Channel's Motion To Dismiss is flatly denied.

To turn to Clear Channel's Motion To Strike, there Clear Channel retreats to posing a challenge to Loukas' requests for punitive damages and injunctive relief. That motion fares no better.

As for the punitive damages issue, there is no question that Illinois recognizes the availability of that remedy for trespass under appropriate circumstances --most recently, see <u>Chicago Title Land Trust Co. v. JS II, LLC</u>, 2012 IL. App.(1st) 063420, 977 N.E.2nd 198, 219-20 (1st Dist. 2012). Nor is it essential to prove maliciousness as such to recover such damages -- instead the existence or nonexistence of aggravating circumstances is a matter for factual development, not for a pleading excision.

As for injunctive relief, it is difficult to see how Clear Channel's assertion that the availability of a damages claim negates that remedy can pass the straight-face test. On that score Loukas adduces both Illinois state court authority and our Court of Appeals' opinion in <u>Okaw Drainage Dist. of Champaign & Douglas County v. Nat'l Distillers & Chem. Corp</u>. 882, F.2d 1241, 1246 (7th Cir. 1989), all supporting the unexceptionable proposition that a mandatory injunction is a proper remedy where a structure encroaches on a landowner's property.

In sum, then, both Clear Channel motions (Dkt. Nos. 12 and

17) are denied.  It is ordered to answer the Complaint on or before January 13, 2014.  Relatedly, the status hearing previously set for January 10 is vacated and replaced by a status hearing at 9 a.m. on January 17, 2014.  Because Clear Channel's Counterclaim has not been made the subject of any motion to this point, this Court anticipates discussing that subject at that status hearing.

_____
Milton I. Shadur
Senior United States District Judge

Dated:    December 27, 2013